**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No. **CV 26-7577-JFW(MARx)** Date: July 27, 2026

Title: Ryan Jewel Canady -*v*- Westlake Services LLC

**PRESENT:**
**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):** **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

On July 7, 2026, *Pro Se* Plaintiff Ryan Jewel Canady ("Plaintiff") filed a Complaint against Defendant Westlake Services, LLC, d/b/a Westlake Financial Services ("Defendant"), alleging that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[1]

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a). With respect to a natural person, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. *Id.* Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id*. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.* A limited liability company is a citizen of every state of which its members are citizens. *See*, *e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

In this case, Plaintiff has failed to allege the citizenship of either Defendant or himself. Instead, Plaintiff alleges only that he "is an individual residing in Los Angeles, California." Complaint, ¶ 6. In addition, Plaintiff alleges only that Defendant "is a limited liability company engaged in automobile financing and repossession practices within California." Complaint, ¶ 7. As a result, the Court cannot determine whether it has subject matter jurisdiction over this action. *See*

[1] Plaintiff's Complaint does not contain a signature as required by Local Rule 11-1.

*Tosco* Corp. v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").

Accordingly, Plaintiff is hereby ordered to show cause, in writing, no later than **August 7, 2026**, why this action should not be dismissed for lack of subject matter jurisdiction. No oral argument on this matter will be heard unless otherwise ordered by the Court. *See* Fed. R. Civ. P. 78; Local Rule 7-15. The Order will stand submitted upon the filing of the response to the Order to Show Cause. If Plaintiff files an amended complaint which corrects the jurisdictional defects noted above on or before **August 7, 2026**, the Court will consider that a satisfactory response to the Order to Show Cause. Failure to respond to the Order to Show Cause will result in the dismissal of this action for lack of subject matter jurisdiction.

IT IS SO ORDERED.



Initials of Deputy Clerk sr